01-15-0839-CR

In re CALIXTO GARCIA
  Relator

Hon. BRAD HART
  Respondent

FIRST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

OCT 02 2015

CHRISTOPHER A. PRINE
CLERK _____

## APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Justice of the First Court of Appeals:

Comes now Calixto Garcia, relator, and files this application for writ of mandamus asking this Court to direct the presiding judge of the 230th district court of Harris County to set, hear and rule on the motion for relief from the judgment that has been properly filed and presented in trial court cause no. 1046395. In support of this application will show the Court:

1 ___ BACKGROUND: Calixto Garcia was convicted of aggravated assault on a public servant in the 230th district court of Harris County (cause no. 1046395). And was orally sentenced to 35 years (Copy of the Reporter's Record is currently on file # 01-06-00479-CR). When the sentencing judge entered the written judgment several clerical mistakes were made with regard to sentencing:

2 ___ PROCEDURAL BACKGROUND: On 4-16-2015, I filed a motion for relief from the judgment asking the Honorable Brad Hart to set a hearing so the clerical mistakes could be corrected in open court (Copy of the motion attached pages 6 thru 13). On 4-21-2015, my request for setting w/ copy of motion for relief was sent to the 230th Court Coordinator _ Quinesha Ross (Copy of request attached page 14). On 7-21-2015, I filed a motion to compel by the provisions of Rules of Judicial Administration; Rule 7 a (2) asking the court to proceed. (Copy of motion attached page 15). Clerk's Record has been designated.

3    DUTY OF TRIAL COURT: Consideration of a motion properly filed and before a trial court is ministerial. Thus, a district court may be compelled via mandamus to consider and rule on a pending motion presented to the court. See In re Christensen 39 SW3d 250 (Tex App Amarillo 2000) Honorable Brad Hart has a duty to set the hearing to rule on my motion for relief. Furthermore, the corrections I've requested with regards to the sentencing aspects are not discretionary. Because the statute requires it, the judge has no discretion to do otherwise. See Ex parte Poe 751 SW2d 873 (Tex Crim App 2008) Dewalt v. State 417 SW3d 678 (Tex App Austin 2013).

4    CONCLUSION: Calixto Garcia would show there is no other adequate remedy at law, and if another remedy may exist between the relator and respondent, it may prove to be uncertain, ineffective and slow. Moreover, it would not provide the same swift and sure relief, equally convenient, beneficial and effective as mandamus. See Smith v. Flack 728 SW2d 784 note 13 (Tex Crim App 1987).

5    JURISDICTION: This Court has jurisdiction to issue the writ under article 5 section 6 of the Texas Constitution and Section 22.221 of the Government Code. I have requested a legal remedy within the jurisdiction of the First Court of Appeals — jurisdiction which I have invoked.

     WHEREFORE, Calixto Garcia prays the Justice of this Honorable Court would grant my motion for leave to file and the application for writ of mandamus — And direct the judge of the 230th district court to set, hear and rule on my motion for relief within a reasonable time.

Submitted with the Utmost Respect.

*Calixto Gl*
Calixto Garcia, relator

6    CERTIFICATE OF SERVICE: I, Calixto Garcia hereby certify that a copy of this application for writ of mandamus has been presented to the Honorable Brad Hart in care of the District Clerk of Harris County. And further certify that a copy of the same has been delivered to the Office of Devon Anderson, District Attorney.

*Calixto Gl*
Calixto Garcia.

IN THE COUNTY
OF
HARRIS

COURT OF APPEALS

FIRST DISTRICT OF TEXAS

## AFFIDAVIT OF CALIXTO GARCIA
___ VERIFICATION INCORPORATED ___

" I, Calixto Garcia, currently incarcerated at the John B. Connally unit _#1373101_ Karnes County, Kenedy Texas. Do hereby verify, swear and affirm that the information contained in the forgoing application for writ of mandamus are factual allegations _ true and correct to the best of my knowledge _ and further verify, swear and affirm that the pages from the reporter's record and documents attached are exact copies of the originals. Further, affiant saith not."

Signed this 21st day of September 2016.

Calixto G.

Calixto Garcia, affiant

### UNSWORN DECLARATION

I, Calixto Garcia hereby declare under the penalty for perjury that the above affidavit is true and correct as signed and dated.

Calixto G.

Calixto Garcia
John B. Connally unit #1373101
899 FM 632
Kenedy, Texas 78119

CALIXTO GARCIA            IN THE 230th DISTRICT COURT
v                              OF
STATE OF TEXAS            HARRIS COUNTY, TEXAS

## MOTION FOR RELIEF FROM THE JUDGMENT / DEFENDANT REQUESTS A CORRECTION OF THE RECORD SO THE JUDGMENT REFLECTS THE SENTENCE ORALLY IMPOSED AND CONFORMS TO STATUTORY LAW

To the Honorable Judge of the Court:

    Comes now Calixto Garcia, defendant in this cause, and asks the court to correct the record and written judgment so it reflects the sentence pronounced and shows compliance to statutory requirements. In support thereof will show:

1   BACKGROUND: Defendant was convicted in the 230th District Court on May 10, 2006, for the offense of aggravated assault on a public servant. The record reflects that Judge Hill pronounced a sentence of 35 years. Did not order the defendant to pay court costs and failed to state the reason for not ordering restitution as required under article 42.037a (CCP) Code of Criminal Procedure (Refer to attachments marked A). Later, a written judgment was entered showing 50 years as the term of sentence with $306.00 court costs (Refer to attachments marked B).

2   JURISDICTION - AUTHORITY TO ACT: Judge Hart is now custodian of record in this case and retains jurisdiction over the written judgment. Rules 316 of Civil Procedure and 23.1 Appellate Procedure empower the Judge to correct clerical mistakes in the record of any judgment, in open court, even after the courts plenary power expires. See State v. Bates 889 SW2d 306, 309 (Tex Crim App 1994); In re Cherry 258 SW3d 328, 333 (Tex App — Austin 2008).

3   THE MISTAKES ARE CLERICAL: written judgment does not reflect sentence that was orally imposed — Discrepancy between orally imposed sentence and written judgment is a clerical mistake. See Coffey v. State 979 SW2d 326 (Tex Crim App 1998) and, trial Judge failing to do as the law mandates — Violation of a mandatory duty is a clerical mistake. See State v. Ross 953 SW2d 748 (Tex Crim App. 1997).

4   SITUATION IN THE INSTANT: Record reflects Judge Hill orally imposed 35 years — the written judgment shows 50.

1.

Judge Hill did not orally impose court costs— the written judgment shows $ 306⁰⁰. Further, Judge Hill failed to state on the record why she was not ordering restitution as required under article 42.037a CCP.

DECISIONAL LAW: Trial courts oral pronouncement of sentence controls over written judgment. See Ex parte Huskins 176 SW3d 818 (Tex Crim App 2005) Award of court costs must be part of the oral pronouncement of sentence to be properly included in the written judgment. See Weir v. State 252 SW3d 85 note [7] at 88 (Tex App— Austin 2008).

CODE OF JUDICIAL CONDUCT: A Judge has a duty to do as the law mandates. "Shall" denotes binding obligation to be applied consistent with statutes and decisional law— Canon 8. Article 42.037a CCP, requires that if the court does not order restitution, it "Shall" state on the record the reason for not making the order. Because the statute requires it, the judge has no discretion to do otherwise. See Ex parte Poe 751 SW 2d 873 (Tex Crim App 2008). See also Dewalt v. State 417 SW3d 678, 690 (Tex App— Austin 2013).

5. CONCLUSION: In cause no. 1046.395, the record shows that the Judge orally pronounced a 35 year sentence, failed to orally impose court costs. And did not state on the record why she was not ordering restitution. Later, a written judgment was entered showing a 50 year sentence and $ 306⁰⁰ in court costs. The mistakes in the written judgment and the courts failure to comply with the statute that governs restitution are clerical in nature. Rule 316 of civil procedure and Rule 23.1 appellate procedure provide an adequate remedy and apply to both civil and criminal judgments. See Ware v. State 62 SW3d at 353 notes [26-27] (Tex App— Ft. Worth 2001). Therefore, the trial court has authority to correct the defects nunc pro tunc because (1) failing to state on the record the reason for not ordering restitution violated a mandatory duty and, (2) discrepancies between the orally imposed sentence and the written judgment. The judge of the trial court can correct the entry of a final written judgment that incorrectly states the the judgment actually rendered. See Jenkins v. Jenkins 16 SW3d at 482 notes [14-17] (Tex App— El Paso 2000)

WHEREFORE, PREMISES CONSIDERED, defendant prays the court schedule this matter for hearing so the judge can correct the written judgment in open court so it reflects the 35 year sentence that was orally pronounced, and delete the $ 306⁰⁰ in court costs that was not orally imposed. And state in the record, in the presence of the defendant and his attorney, the reason for not ordering restitution as required by law.

Submitted with Respect

Calixto Garcia, defendant
Connally unit # 1373101
899 FM 632
Kenedy, Texas 78119

2

## 6. VERIFICATION- CERTIFICATE OF SERVICE

I, Calixto Garcia, hereby verify and declare under penalty for perjury that the allegations contained in the foregoing motion for relief from the judgment are true. And further verify that the copies from the Reporters Record and Clerks Record are photocopies of the actual documents without alterations. And by my signature below, do certify that a copy of this motion w/ attachments was mailed (postage pre-paid) to Micheal Anderson, District Attorney in and for Harris County, Texas on this 13th day of April 2015

Calixto G.

Calixto Garcia
Connolly unit # 1373101
899 FM 632
Kenedy, Texas 78119

3.

you, if not all, it's an inconvenience and we certainly appreciate you taking the time out of your schedule to honor your jury summons.

I'm going to ask at this time that you return to the jury room. Please place your badges on the table. I will be back to discharge you from the jury room.

All rise for jury, please.

(Jury excused).

THE COURT: Mr. Garcia, the jury having found you guilty and convicted you of the offense of aggravated assault and the jury having further returned a verdict of 35 years confinement in the Texas Department of Criminal Justice Institutional Division, do you have anything to say before sentence of the law is pronounced against you?

THE DEFENDANT: No, ma'am.

THE COURT: Having nothing to say, it is the order of this court that you, Calixto Garcia, having been adjudged guilty of the offense of aggravated assault, whose punishment has been assessed at 35 years in the Texas Department of Criminal Justice Institutional Division, be delivered by the sheriff of Harris County to the director of the Texas Department of Criminal Justice Institutional Division or any other

person legally authorized to receive such persons, where you shall be confined in accordance with the law in the Texas Department of Criminal Justice Institutional Division.

You are hereby remanded to the custody of sheriff of Harris County until he can obey and carry out the directions and instructions of the sentence. Your sentence will commence today. You will be given credit for any time you were in jail awaiting disposition of this case. And the judgment will reflect an affirmative finding of a deadly weapon.

Good luck to you, sir.

THE DEFENDANT: Thank you.

(Proceedings concluded).

THE STATE OF TEXAS )

COUNTY OF HARRIS )

I, Mary Ann Rodriguez, Official Court Reporter in and for the 230th District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

WITNESS MY OFFICIAL HAND this the 4th day of February, 2007.

Mary Ann Rodriguez, Texas CSR# 3047
Expiration Date: 12/31/07
Official Reporter, 230th District Court
Harris County, Texas
Houston, Texas 77002

# JUDGMENT ON PLEA BEFORE JURY
## COURT/JURY ASSESSING PUNISHMENT

CAUSE NO. **1046395**

THE STATE OF TEXAS                          IN THE **230th** DISTRICT COURT
VS.
**Calixto Garcia**                          COUNTY CRIMINAL COURT
_(Name of Defendant)_                       AT LAW NO. _____

AKA _____        OF HARRIS COUNTY, TEXAS

| Date of Judgment: **5-9-06** | Date Sentence Imposed: **5-10-06** | Sentence to Begin: **5-70-06** | Date of Offense: **11-6-05** |

Attorney for State: **Brent Mayr**

Attorney for Defendant: **Sam Maida Jr.**                  **n/a** Defendant Waived Counsel

Offense Convicted of:

**Aggravated Assault Against PB Servant**

☐ A MISDEMEANOR CLASS: A | B | C     ☒ A FELONY, DEGREE: SJ | 3rd | 2nd | (1st) | CAPITAL

Jury Verdict: GUILTY                     Foreperson: **Christopher W. Paul**

_(Circle appropriate selection — N/A = not available or not applicable)_

Plea to Enhancement Paragraph(s): 1st Paragraph (True) | Not True | N/A     2nd Paragraph True | Not True | (N/A)     Charging Instrument: Complaint | (Indictment) | Information

Findings on Enhancement(s): 1st Paragraph (True) | Not True | N/A     2nd Paragraph True | Not True | (N/A)     Plea: Guilty | Nolo Contendere | (Not Guilty)

Affirmative Findings:
Deadly Weapon (Yes) No | N/A   **Firearm**   Family Violence: Yes | No (N/A)   Victim Selected by Bias/Prejudice: Yes | No (N/A)   Victim Younger Than 17 years: Yes | No (N/A)   Controlled Substance Used to Commit Crime: Yes | No (N/A)

Punishment Imposed by COURT (JURY)     _(Mark all that apply)_
and Place of Confinement:

**50 years**

☒ Institutional Division, TDCJ     ☐ Sentence suspended, Defendant placed on community supervision for **n/a**

☐ State Jail Division, TDCJ

☐ Harris County Jail              ☒ SEE SPECIAL INSTRUCTIONS, incorporated herein by reference.

Fine in the Amount of $ **n/a**     ☐ Fine Only

| Time Credited: **n/a** , days toward incarceration **n/a** | days toward fine and costs **186** | days toward incarceration, fine and costs | COURT COSTS: $ **306.00** |

_(Mark appropriate selections below, if applicable)_

☐ Name changed from **n/a**

☐ Judgment Addendum incorporated herein by reference.

☐ Driver's license is suspended for a period of **n/a** days/months/years.

☐ The Defendant is entitled to **n/a** days credit toward suspension of driver's license.

☐ It is ordered by the Court, that any weapon(s) seized in this case is/are hereby forfeited.

☐ Educational program waived in accordance with Article 42.12 Sec. 13 (h), upon a finding of good cause by the Court.

☐ In accordance with Section 12.44(a), Penal Laws of Texas, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. The Defendant is adjudged to be guilty of a state jail felony and is assessed the punishment indicated above.

☐ In accordance with Section 12.44(b), Penal Laws of Texas, the Court authorizes the prosecuting attorney to prosecute this cause as a Class A misdemeanor. The Defendant is adjudged to be guilty of a Class A misdemeanor and is assessed the punishment indicated above.

IMAGED

CRIMCSCB32 03/22/2000          1

 

This cause being called for trial in Harris County, Texas, unless otherwise referenced, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above, or the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel as indicated above in writing in open court, and the said Defendant having been duly arraigned and it appearing to the Court that Defendant was mentally competent and having pleaded as shown above to the charging instrument, both parties announced ready for trial and thereupon a jury, to-wit, the above named foreperson and eleven others for a felony offense indicated above or the above named foreperson and five others for a misdemeanor offense indicated above, was duly selected, impaneled, and sworn, the jury having heard the charging instrument read and the Defendant's plea thereto and having heard the evidence submitted and having been duly charged by the Court, retired in charge of the proper officer to consider the verdict, and afterward were brought into Court by the proper officer, the Defendant and the defendant's counsel, if any, being present, and returned into open court the verdict set forth above, which was received by the Court and is here now entered upon the minutes of the Court as shown above.

The Defendant having previously elected, in writing and at the time of his plea, to have punishment assessed as indicated above. And when Defendant is shown above to have elected to have the jury assess punishment, such jury was called back into the box and heard evidence relative to the question of punishment and having been duly charged by the Court, they retired to consider such question and after having deliberated they returned into Court the verdict shown under punishment above; and when Defendant is shown above to have elected to have punishment fixed by the Court, in due form of law further evidence was heard by the Court relative to the question of punishment and the Court fixed punishment of the Defendant as shown above.

IT IS CONSIDERED, ORDERED, AND ADJUDGED by the Court, in the presence of the Defendant, that the said judgment be and the same is hereby in all things approved and confirmed, and that the Defendant is adjudged guilty of the offense set forth above as found by the verdict of the jury, and said Defendant as indicated above. Further, the Court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, Sec. 9, code of Criminal Procedure.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice (TDCJ) that the Defendant be delivered by the Sheriff of Harris County, Texas immediately to the Director of the Institutional Division or the State Jail Division, TDCJ, or any other person legally authorized to receive such convicts, and said Defendant shall be confined in the Institutional Division or State Jail Division, TDCJ for the period indicated above, in accordance with the provisions of the law governing the Institutional Division or State Jail Division, TDCJ. The Defendant is remanded to the custody of the Sheriff of Harris County until said Sheriff can obey the directions of this sentence.

IT IS ORDERED by the Court that if the punishment assessed against the Defendant is confinement in the Harris County Jail that the Defendant is remanded to the custody of the Sheriff of Harris County, Texas, unless the Defendant is instructed to voluntarily surrender to the Sheriff on the date the sentence is to begin, as indicated above. The Sheriff shall confine the Defendant in the Harris County Jail for the period indicated above, and until the fine and costs are fully satisfied in accordance with law.

IT IS ORDERED by the Court that if the punishment assessed against the defendant is for a fine only, the Defendant is ordered to immediately proceed to the Office of the Harris County Sheriff and pay all fine and court costs as ordered by the Court in this cause, unless the Court orders the Defendant to be committed to the custody of the Sheriff of Harris County, Texas on the date the sentence is to begin, as indicated above, to be confined in the Harris County Jail until the fine and costs are fully satisfied in accordance with law, or as indicated above.

IT IS ORDERED by the Court that the sentence indicated above is to be executed, unless it is indicated above that the sentence is to be suspended, and if so, the Defendant is placed on community supervision for the period indicated above pending his abiding by and not violating the terms and conditions of his community supervision.

IT IS ORDERED by the Court that this sentence runs concurrent with any other sentence(s) unless it is indicated on the Judgment Addendum that the sentence is to run cumulatively.

Signed and entered on _10 May 2006_

X _Belinda Hill_
Hon. Belinda Hill
JUDGE PRESIDING

Community Supervision
Expires on: _____

Notice of Appeal: _5-10-2006_

Mandate Received: _____

After Mandate Received, Sentence to Begin Date is: _____

Received on _5-10-06_ at _540_ AM | PM
Sheriff, Harris County, Texas

By: _____ _2178_ Deputy

Entered _____
Verified _____
LCBT _____
LCBU _____

SPECIAL INSTRUCTION OR NOTES: _____
_____
_____
_____

Right Thumbprint

UMCSCB32 03/22/2000                    2

To: Quinesha Ross, 230th District Court Coordinator
    Harris County Criminal Justice Center

RE: Cause no. 1046395: Motion for relief from the Judgment - Clerical Mistakes
    Calixto Garcia v The State of Texas

REQUEST FOR SETTING

Dear Court Coordinator

I've filed a motion for relief from the judgment in Cause 1046395 (copy attached) Please confer with Judge Hart and Michael Anderson to schedule this matter for hearing on the first available date. I've also filed a motion to appoint counsel w/ statement of inability to pay and, motion for bench warrant. I'm ready when you are. Please visit with Judge Hart and make the necessary arrangements. I'm forewarding copies of this request to:

Chris Daniel, District Clerk.
Michael Anderson, District Attorney.

Thank you for attention to this matter

With the Utmost Respect, I am

Calixto Garcia, Defendant
Connally unit # 1373101
899 FM 632
Kenedy, Texas 78119



REQUEST

COPY — Calixto Garcia

CAUSE NO. 1046395

CALIXTO GARCIA
v
STATE OF TEXAS

IN THE 230th DISTRICT COURT
OF
HARRIS COUNTY, TEXAS

## MOTION TO COMPEL THE COURT TO CORRECT THE CLERICAL ERRORS IN THE RECORD OF ITS JUDGMENT AS SPECIFIED BY DEFENDANTS ORIGINAL MOTION FOR RELIEF / FILED APRIL 16, 2015

To the Honorable Judge. :

Comes now Calixto Garcia, defendant, and presents this motion to compel the court to correct the clerical mistakes in the record of its written judgment. And to support this motion will show :

1  The court committed several clerical mistakes while rendering the written judgment in cause 1046395.

2  On April 16, 2015, defendant filed motion for relief requesting a hearing so the record of this judgment could be corrected in open court pursuant to rule 316 of Civil Procedure — copy of the motion with request for setting was received by the 230th Court Coordinator on April 21, 2015 — but as of July 16, 2015, the court has not scheduled the hearing nor made a ruling on the motion for relief.

3  Pursuant to rule 7a(2) of Judicial Administration, defendant compels the court to schedule the hearing and correct the clerical mistakes. Any additional delay would call into question whether the proceeding is sufficiently expeditious so as to comply with the courts responsibilities.

WHEREFORE, defendant prays the court proceed and grant the relief requested.

Submitted with respect.

Calixto Garcia
Calixto Garcia

4  CERTIFICATE OF SERVICE:

I, Calixto Garcia hereby certify that a copy of this motion was delivered to the office of the District Attorney in the Criminal Justice Center on the date shown by the file mark — stamped hereto

Calixto Garcia
Calixto Garcia

BY CRIMINAL CUSTOMER SERVICE

2015 JUL 21 AM 9: 57

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

1.

In re CALIXTO GARCIA
Relator

Hon. BRAD HART
Respondent

FIRST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

OCT 02 2015

CHRISTOPHER A. PRINE

CLERK＿＿＿＿＿＿

## MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF MANDAMUS

To the Honorable Justice of the First Court of Appeals:

Comes now Calixto Garcia, relator in the above entitled and numbered cause and respectfully moves the Court to grant leave to file the accompanying application for writ of mandamus.

Submitted with respect

Calixto G.

Calixto Garcia, relator
John B. Connally #1373101
899 FM 632
Kenedy, Texas 78119

## CERTIFICATE OF SERVICE

I, Calixto Garcia hereby certify that a true and correct copy of the above motion for leave to file has been presented to the Honorable Brad Hart (respondent) in care of the District Clerk for Harris County. And further certify that a copy of the same has been delivered to the office of Devon Anderson, District Attorney.

Calixto G.

Calixto Garcia

## PARTIES

_____ RELATOR : Calixto Garcia
John B. Connally Unit # 1373101
899 FM 632
Kenedy, Texas  78119


_____ RESPONDENT : Honorable Brad Hart
District Judge   230th Judicial district court
Criminal Justice Center, 1201 Franklin St.  16th floor
Houston, Texas  77002


_____ ATTORNEY FOR THE STATE : Devon Anderson
District Attorney, Harris County
Criminal Justice Center, 1201 Franklin St.  Suite 600
Houston, Texas  77002 - 1930